# EXHIBIT A

*Served on DKC*
*10/3/13 @ 9:20 AM*

Name of Person Filing: Daniel L. Bonnett and Mark Bracken
Your Address: Martin & Bonnett, PLLC; 1850 N. Central Avenue, Suite 2010
Your City, State, Zip Code: Phoenix, AZ 85004
Your Telephone Number: (602) 240-6900
Attorney Bar Number (if applicable): D. Bonnett - AZ#014127; M. Bracken - AZ#026532
Representing ☐ Self (Without an Attorney) or ☒ Plaintiff or ☐ Defendant

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association

Michael Wagner
**Name of Plaintiff**

Case No.: CV2013-093527

ABW Legacy Corp., Inc., formerly known as Auto Body World, Inc.; Service King LLC; and Does 1-10, inclusive
**Name of Defendant**

**SUMMONS**

> WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO** ABW Legacy Corp., Inc.
                                 Name of Defendant

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 or the Office of the Clerk of the Superior Court, 222 East Javelina Drive, Mesa, Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 W. Tierra Buena Lane, Surprise, Arizona 85374. Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Plaintiff/Attorney listed at the address at the top of this paper, or from the Clerk of the Superior Court's Customer Service Center at 601 W. Jackson, Phoenix, Arizona 85003 or at 222 E. Javelina Drive, Mesa, Arizona 85210.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

**COPY**

SIGNED AND SEALED this date

MICHAEL K. JEANES, CLERK OF COURT

OCT 01 2013

By_____
Deputy Clerk

MICHAEL K. JEANES, CLERK
S. LaSPALUTO
DEPUTY CLERK

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
S. Bagnall, Deputy
9/30/2013 4:55:00 PM
Filing ID 5475204

DANIEL BONNETT (AZ#014127)
MARK A. BRACKEN (AZ#026532)
MARTIN & BONNETT, P.L.L.C.
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
dbonnett@martinebonnett.com
mbracken@martinbonnett.com

Attorneys for Plaintiff

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL WAGNER, | CV 2013 - 093527 |
| Plaintiff, | AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL |
| v. | |
| ABW LEGACY CORP, INC., formerly known as AUTO BODY WORLD, INC.; SERVICE KING LLC; and Does 1-10, inclusive, | Assigned: Hon. David Talamante |
| Defendants. | |

Plaintiff, MICHAEL WAGNER, alleges:

1. Plaintiff is, and at all times mentioned in this Amended Complaint was, an individual residing and working in the County of Maricopa, State of Arizona. At all times material, during his employment with Defendants, Plaintiff was engaged in interstate commerce as defined by the FLSA and was an "employee" within the meaning of 29 U.S.C. § 203(e)(1) and Ariz. Rev. Stat. § 23-350.

1

2. Defendant, ABW LEGACY CORP, INC., is, and at all times relevant hereto was, a corporation organized in the State of Arizona and doing business in the State of Arizona as an auto body collision repair center with its principal place of business at 901 N. 99th Ave., Tolleson, Arizona. ABW LEGACY CORP, INC. was formerly known as AUTO BODY WORLD, INC. until approximately October 3, 2012 when its name was changed to the name currently in use. Defendant, ABW LEGACY CORP, INC., hereinafter is referred to as "ABW". At all times relevant, ABW is and was an "employer" within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350.

3. Defendant, SERVICE KING LLC, is and was, at all times relevant hereto, a limited liability company organized in the State of Texas and doing business in multiple venues, including but not limited to the County of Maricopa, State of Arizona, as an auto body collision repair center with its principal place of business at 808 S. Central Expressway, Richardson, Texas. Defendant, SERVICE KING, LLC, hereinafter is referred to as "SERVICE KING". At all times relevant, SEVICE KING is and was an "employer" within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350.

4. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants, and each of them, were jointly engaged in a business venture for profit, with equal right to exercise operation and control of said businesses. Plaintiff is further informed and believes Defendants acted as the agents of one another and were acting within the course and scope of that agency at all times relevant hereto with regard to the matters set forth herein.

5. Plaintiff is informed and believes, and on the basis of that information and belief alleges that SERVICE KING acquired the assets of ABW and/or merged with ABW pursuant to a written agreement dated on or before May 8, 2012. The agreement

2

provided SERVICE KING a period of time to perform a "due diligence" examination, review, analysis and/or audit of ABW's books, records and business practices before the acquisition and sale were consummated and executed. Plaintiff is further informed and believes said agreement specified the liabilities of ABW were to be contractually assumed by SERVICE KING LLC. Following the acquisition and/or merger, SERVICE KING LLC participated in the operation and control of the business as a mere continuation of the business previously done exclusively by ABW, so as to incur and assume all company liabilities as a matter of law, as a successor company, including but not limited to liabilities to Plaintiff herein.

6. Plaintiff does not know the true names of Defendants DOES 1 through 10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes that the DOE Defendants are Arizona residents and that each engaged in acts or omissions on behalf of themselves, their respective spouse and one another so as to make each Defendant Does 1 through 10 jointly and severally liable, individually, and on behalf of any marital community.

7. All Defendants have individually caused events to occur in Maricopa County, Arizona out of which this action arises.

8. Jurisdiction and venue are proper in this Court.

**COUNT I**
**BREACH OF EMPLOYMENT CONTRACT**
**(Voluntarily Withdrawn)**

**COUNT II**
**WRONGFUL TERMINATION AND RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY UNDER THE ARIZONA EMPLOYMENT PROTECTION ACT**

9. Plaintiff repeats and incorporates preceding paragraphs 1 through 8 as though fully set forth herein.

10. Plaintiff became employed as a mechanic with Defendant ABW in 2007. Upon being hired as an employee, Plaintiff was provided with a written company

3

handbook and other company policies and procedures. Plaintiff is informed and believes the ABW handbook and written materials set forth employee rights, rules and procedures intended to become terms of the contract for employment with ABW. Said employee rights, rules and procedures included terms and provisions guaranteeing Plaintiff workers compensation benefits if injured while on the job in accordance with Arizona law.

11. From 2007 through 2011, Plaintiff received favorable reviews, pay raises, commendations and letters of appreciation for his performance as an employee. On August 18, 2011, Plaintiff was injured while acting within the course and scope of his employment with ABW. While in the process of lifting a frame member on the job and within the State of Arizona, Plaintiff suffered a torn rotator cuff and other injuries, physically disabling him from his job with ABW.

12. As a result of his work-related injury, Plaintiff applied for and received workers compensation benefits. These benefits included payment for medical treatment to his shoulder and disability payments while Plaintiff was unable to work.

13. On February 2, 2012 Plaintiff underwent a left shoulder arthroscopy surgery with arthroscopic extensive debridement, subacromial decompression, partial distal clavicle excision and repair of his crescent rotator cuff tear.

14. Plaintiff's medical condition improved significantly from his surgery. He participated in physical therapy following his shoulder surgery pursuant to orders received from Plaintiff's surgeon.

15. On or about May 22, 2012, ABW sent Plaintiff a letter notifying him it was requesting that he return to limited work within the restrictions of his treating physician. ABW advised Plaintiff it tried to assist all of its injured employees to return to work. Plaintiff was told to report back to work on May 29, 2012 to receive a transitional job assignment from Location Leader Sean St. Cyr. He was advised that his "failure to accept this offer" could "jeopardize [his] entitlement to Workers

4

Compensation benefits, as well as [his] employment status". *A true and correct copy of the letter is attached hereto as exhibit "A".* The letter was unsigned and the author not identified.

16. As instructed, Plaintiff reported to work on May 29, 2012 and reported to Mr. St. Cyr. Contrary to representations in the May 22, 2012 letter concerning the availability of work, Mr. St. Cyr advised Plaintiff he did not want him to return to work until he was released to full duty. Plaintiff was told to "go home" and return after he obtained a "full release" from his doctor.

17. After appearing at work as instructed on May 29, 2012, Plaintiff's disability compensation benefit payments were stopped at the instruction of ABW even though he had not received any work or pay.

18. Plaintiff continued to seek work assignments by showing up at ABW in the mornings. He was advised that upon his return to work he would not be paid as much as he made before his injury. Thereafter, he was terminated from his employment on or about June 26, 2012. Plaintiff is informed and believes and thereon alleges that Plaintiff's injury, disability and workers compensation claim was a substantial motivating factor in his termination.

19. ABW has refused and continues to refuse to allow plaintiff the benefits of his employment contract and to perform under this contract in the agreed on manner. Plaintiff is informed and believes and thereon alleges that Defendant SERVICE KING acted in concert with ABW in denying Plaintiff the opportunity to return to work for having made a worker's compensation claim and has consciously ratified and condoned said behavior.

20. As a direct, foreseeable, and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and has incurred expenses searching for comparable employment in an amount exceeding the jurisdictional limit of this court

5

which will be proven at trial.

21. Plaintiffs wrongful termination of employment in retaliation for his exercise of rights under the Arizona workers' compensation statutes violated public policy as embodied in A.R.S. § 23-1501(A)(3)(c)(iii). Plaintiff was engaged in a protected activity when he filed a workers' compensation claim for having been injured on the job.

22. Plaintiff suffered adverse employment action through the concerted actions of the Defendants when he was wrongfully terminated from his job in retaliation for his exercise of rights under the Arizona workers' compensation statutes.

23. The adverse employment actions of defendants were undertaken as a direct result of Plaintiff's work related accident, injuries, disability and workers compensation claim.

24. As a direct, foreseeable, and proximate result of Defendant's wrongful termination of Plaintiff in retaliation for his exercise of rights under the Arizona workers' compensation statutes in violation of public policy, Plaintiff has been damaged in an amount exceeding the jurisdictional threshold of this Court and in an amount to be proven at the time of trial.

25. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, evil, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

## COUNT III
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Voluntarily Withdrawn)

///

///

## COUNT IV
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff incorporates preceding paragraphs 1 through 25 as though fully set forth herein.

27. Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and Arizona Wage Statues. This policy and pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time that its employees, including Plaintiff;

    b. willfully failing to keep records as required by the FLSA;

    c. willfully misclassifying Plaintiff as exempt from the overtime requirements of the FLSA;

    d. willfully failing to pay manual labors, including Plaintiff, overtime wages for all hours that they worked in excess of 40 hours per week;

    e. willfully failing to pay manual labors, including Plaintiff, the appropriate minimum hourly wage.

28. Defendants, directly or indirectly, are and have been engaged in the business of operating a retail vehicle repair service at which it sells parts and services vehicles and equipment belonging to its customers and/or parties with whom Defendants have contracted to provide parts and repair services.

29. Defendants employed Plaintiff as a mechanic whose primary job duties and responsibilities was to perform manual labor that was not exempt from the requirements to pay overtime as required for non-exempt employees under the FLSA.

30. Plaintiff customarily and regularly performed non-exempt physical or manual work. That is, his primary duties consisted of repairing all types of vehicles, equipment and machinery including, but limited to, replacing worn, damaged or non-functioning parts and providing related services to customers and patrons. Plaintiff

7

rarely, if ever, exercised true discretionary powers in connection with matters of significance.

31. Plaintiff worked under the supervision of other personnel of Defendants, did not supervise others, was not authorized to make any decisions regarding hiring or firing nor was he relatively free from supervision in connection with matters of significance.

32. Plaintiff routinely and regularly worked for Defendants in excess of forty hours per workweek without being paid overtime wages.

33. Upon information and belief, Defendants were or should have been aware that state and federal law required them to pay their employees performing non-exempt duties overtime wages for hours worked in excess of forty per week.

34. Upon information and belief, Defendants were aware or should have been aware that Plaintiff and other manual laborers customarily and regularly perform non-exempt physical or manual work of repairing all types of vehicles, equipment and machinery including, but limited to, replacing worn, damaged or non-functioning parts and providing related services to customers and patrons and rarely, if ever, exercised true discretionary powers in connection with matters of significance and were not and are not relatively free from supervision in connection with matters of significance.

35. Upon information and belief, Defendants' failure to pay Plaintiff and other employees overtime wages for their work in excess of 40 hours per week was willful and without justification or authorization from Assistant Manager employees.

36. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

37. Plaintiff was entitled to be paid one and one-half times his regular hourly rate of pay for each hour worked in excess of forty hours per workweek.

38. In the course of employment with Defendants, Plaintiff the number of hours required of him, many times in excess of forty hours, but was not properly paid

8

overtime compensation.

39. The pay practices of Defendants, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime to Plaintiff for those hours worked each workweek in excess of forty hours.

40. Defendant also failed to pay Plaintiff at least the applicable federal minimum wage for all hours worked as required by the FLSA, 29 U.S.C. § 206(a).

41. Defendants' violations of the FLSA are willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

42. Because of Defendants' willful and unlawful acts, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255. Plaintiff has been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

43. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to liquidated damages in an amount equal to the wages he is owed as unpaid overtime.

44. As a result of Defendant's unlawful acts, Plaintiff is entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### COUNT V
### VIOLATION OF THE ARIZONA MINIMUM WAGE ACT

45. Plaintiff incorporates by reference preceding paragraph numbers 1 through 44 as though fully set forth.

46. At all times relevant to this action, Plaintiff was and is an employee and Defendants were and are each an employer within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

47. At all times relevant to this action, Arizona had a minimum wage statute, Ariz. Rev. Stat. § 23-363 which provides, in pertinent part, that employers pay the

9

applicable state minimum, as adjusted from time-to-time.

48. Ariz. Rev. Stat. § 23-351 provides that:

> A. Each employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees . . .
>
> ***
>
> C. Each employer shall, on each of the regular paydays, pay to the employees . . . all wages due the employee up to such date . . .

49. Ariz. Rev. Stat. § 23-351(c)(3) provides that all wages shall be timely paid within the time fixed by statute.

50. As set forth above, the FLSA and state law require that employees such as Plaintiff be paid the applicable minimum wage and overtime wages for all hours worked in excess of forty hours per week. Defendants violated Ariz. Rev. Stat. § 23-351 by failing to pay all wages and overtime pay due Plaintiff for work in excess of forty hours per week within the time periods specified in Ariz. Rev. Stat. § 23-351.

51. As a result of Defendants' violations of Ariz. Rev. Stat. § 23-351, Plaintiff is entitled to an award of the unpaid wages, with prejudgment-interest thereon, and are entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to Ariz. Rev. Stat. § 23-355.

**COUNT VI**
**CIVIL CONSPIRACY**
**(Voluntarily Withdrawn)**

**COUNT VII**
**AIDING AND ABETTING TORTIOUS CONDUCT**
**(Voluntarily Withdrawn)**

**COUNT VIII**
**UNJUST ENRICHMENT**
**(Voluntarily Withdrawn)**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For compensatory damages, including lost wages and benefits according to proof;

2. For punitive damages;

3. For back pay, interest, liquidated and/or treble damages related to violations of the Fair Labor Standards Act and Arizona Minimum Wage Act as appropriate;

4. For attorneys' fees and costs;

5. For prejudgment interest on all amounts claimed; and

6. For any other and further relief that the Court considers proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

RESPECTFULLY SUBMITTED this 30th day of September, 2013.

s/Daniel L. Bonnett
**MARTIN & BONNETT, P.L.L.C.**
Daniel Bonnett
Mark Bracken
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900

*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT A

# Auto Body World
## COLLISION CENTERS

May 22, 2012

Michael Wagner
7754 E Decatur Cir
Mesa, AZ 85207

Re: Job Offer – Return-to-Work Program

Dear Michael Wagner:

Auto Body World is pleased to welcome you back to work in a position that will accommodate your medical restrictions. We try to assist all our injured employees in returning to work in a safe and timely fashion. We currently have a job available for you and therefore are requesting your return to active employment.

Auto Body World will provide you with transitional work that is within the restrictions your treating physician has outlined. No overhead lifting, push/pull carry 15 lbs., no unprotected heights and floor to waist lifting 15 lbs. Your job assignment will be as follows:

Mechanic. Oversight of mechanical repairs throughout RPM processes, complete mechanical repairs verification of mechanical repairs, test driving, provide documentation, electronic measures before & after, photos and materials and equipment management of mechanical bays.

While working in this position, your rate of pay will $23.00 per flag hour (flat rate) and you are scheduled to work Monday-Friday from 7:30 a – 5:30 p.

Please report for work to the Elliot location on Tuesday, May 29, 2012. Your Location Leader, Sean St. Cyr will facilitate your start at your transitional job assignment.

Please contact me immediately at 602-288-3736 if you have any questions regarding this offer of employment. Your failure to accept this offer may jeopardize your entitlement to Workers' Compensation benefits, as well as your employment status.

You should contact your Adjuster at Amerisure with any questions about the impact this job offer may have on your entitlement to future Workers' Compensation wage loss benefits.

Sincerely,


Auto Body World

EXHIBIT "A"